**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Travis Sintell McCrae, a/k/a Travis McCrea,<br><br>Plaintiff,<br><br>v.<br><br>Officer Feagan; Officer Mailey; Mark Barnes; Indentured Trustees; and Effingham County Jail,<br><br>Defendants. | C/A No. 4:25-cv-13109-JD-TER<br><br>**ORDER AND OPINION** |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 26), issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends partially dismissing Plaintiff Travis Sintell McCrae's ("Plaintiff") Second Amended Complaint (DE 16) by summarily dismissing Defendants Officer Feagan, Mark Barnes, Indentured Trustees, and Effingham County Jail with prejudice and without issuance and service of process. The Magistrate Judge separately authorized service of process on Defendant Officer Mailey. (DE 25.) No objections to the Report have been filed.

For the reasons below, the Court adopts the Report, as supplemented herein, and dismisses Defendants Feagan, Barnes, Indentured Trustees, and Effingham County Jail with prejudice.

## A. Background

Plaintiff, proceeding pro se and in forma pauperis, commenced this action on October 24, 2025. (DE 1.) He later filed a submission docketed as an Amended Complaint on November 21, 2025 (DE 12), followed by the operative Second Amended Complaint on December 23, 2025 (DE 16). In his Second Amended Complaint, Plaintiff alleges that on August 2, 2025, Officer Mailey approached him in a gas station parking lot in Florence County, South Carolina, and detained him without probable cause or reasonable suspicion. Plaintiff also alleges that he was restrained, transported, and confined at a detention facility he identifies as Effingham County Jail. (DE 16 at 3.)

Plaintiff asserts that Officer Feagan previously contributed to his being falsely portrayed as a criminal subject. He also alleges that Mark Barnes exercised supervisory and administrative authority over his detention and that unidentified "Indentured Trustees" were responsible for detention-related financial administration. (DE 16 at 2–4.) The Second Amended Complaint asserts claims for false imprisonment, abuse of process, defamation or false light, negligence and gross negligence, violations of 42 U.S.C. § 1983, and breach of supervisory and fiduciary duties. Plaintiff seeks monetary damages, restitution, and declaratory relief. (DE 16 at 3–5.)

On initial review, the Magistrate Judge determined that the allegations against Officer Mailey were sufficient to proceed beyond screening and authorized service on him. (DE 25.) The Report recommends dismissing the remaining four

defendants for failure to state a claim. (DE 26 at 2–4.) The Report was filed and mailed to Plaintiff on February 9, 2026. (DE 26; DE 27.) The time for filing objections expired without any objections being filed.

**B. Legal Standard**

A magistrate judge's recommendation has no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Under 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of a report and recommendation to which a party makes a specific objection. *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). When no specific objections are filed, the Court need only satisfy itself that no clear error appears on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Because Plaintiff proceeds in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires dismissal of claims that fail to state a claim upon which relief may be granted. In conducting that review, the Court accepts well-pleaded factual allegations as true and determines whether they plausibly establish entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

The Court also liberally construes Plaintiff's pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That obligation is particularly important in civil-rights actions. *Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020). Liberal construction, however, does not require the Court to supply missing factual

allegations or construct claims that the pleadings do not fairly present. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**C. Discussion**

Having reviewed the Report, the operative pleading, and the applicable law, the Court finds no clear error in the Magistrate Judge's determination that Plaintiff fails to state a claim against Defendants Feagan, Barnes, Indentured Trustees, and Effingham County Jail. First, the Second Amended Complaint does not plausibly connect Officer Feagan to Plaintiff's August 2, 2025, detention. Plaintiff alleges only that Feagan previously contributed to his being portrayed as a "criminal subject." (DE 16 at 3.) He does not allege that Feagan participated in, directed, or otherwise caused the detention by Officer Mailey.

Plaintiff's earlier submissions describe a separate encounter with Feagan, but the Second Amended Complaint supersedes those pleadings. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). In any event, those earlier allegations do not plausibly connect Feagan to the August 2025 seizure. Section 1983 requires personal responsibility for the alleged constitutional deprivation. *Iqbal*, 556 U.S. at 676. The conclusory allegation concerning Feagan's earlier conduct does not establish that connection.

Second, Plaintiff's allegations against Mark Barnes rest on Barnes's purported supervisory and administrative authority over the detention facility. Plaintiff identifies no act by Barnes that caused his detention and alleges no facts showing Barnes's knowledge of a pervasive risk of constitutional injury, deliberate

indifference to that risk, or a causal connection to the alleged deprivation. Supervisory liability under § 1983 cannot rest solely on a defendant's position of authority or the doctrine of respondeat superior. *King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016). Plaintiff's generalized allegations concerning Barnes's custodial, supervisory, and fiduciary responsibilities do not satisfy that standard. Nor does the asserted official-capacity claim identify a governmental policy or custom responsible for the alleged deprivation. *See Monell v. Department of Social Services*, 436 U.S. 658, 690–95 (1978).

Third, Plaintiff fails to state a claim against "Indentured Trustees." He does not identify any particular trustee, governmental office, or legally cognizable entity responsible for the alleged misconduct. Nor does he allege facts connecting any trustee's conduct to an unconstitutional deprivation. His request for restitution based on an alleged financial benefit from his detention does not independently establish liability under § 1983.

Finally, the Magistrate Judge correctly concluded that Effingham County Jail is not a proper § 1983 defendant. The Second Amended Complaint identifies that defendant as a detention facility rather than an individual or separately suable governmental entity. A jail or detention center ordinarily is not a "person" subject to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (per curiam).

The Court has also considered the state-law causes of action asserted in the Second Amended Complaint. Those labels do not cure the absence of factual

allegations connecting these four defendants to actionable false imprisonment, misuse of process, defamation, negligence, or breach of fiduciary duty. The Court's determination is limited to the defendants recommended for dismissal and does not resolve any claim against Mailey. Accordingly, the Court finds no clear error in the Report's determination that Plaintiff has failed to state a claim upon which relief may be granted against Defendants Feagan, Barnes, Indentured Trustees, and Effingham County Jail.

**D. Dismissal With Prejudice**

The Report recommends dismissal with prejudice in light of Plaintiff's three successive pleadings and prior opportunities to correct deficiencies. (DE 26 at 4 n.1.) The Court agrees that further amendment is unwarranted but bases that determination on the pleading history and remaining deficiencies, not on the number of filings alone. Rule 15 directs courts to freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Yet repeated failure to cure deficiencies through amendments previously allowed and futility are recognized grounds for denying further leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff filed an original Complaint (DE 1), a subsequent submission docketed as an Amended Complaint (DE 12), and the operative Second Amended Complaint (DE 16). The earlier court orders primarily concerned proper form; the Court does not presume they supplied detailed notice of every substantive pleading defect. Nevertheless, Plaintiff has had repeated opportunities to set out the facts supporting his claims. The Fourth Circuit recognizes that a district court may dismiss deficient

claims with prejudice without first issuing a dismissal without prejudice. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 196–98 (4th Cir. 2022). That discretion must be exercised consistently with Rule 15 and the circumstances of the case.

*King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016), and *Vang v. Weaver*, No. 24-1815, 2026 WL 1103385, at *1 (4th Cir. Apr. 23, 2026) (per curiam) (unpublished), caution against dismissing pro se claims with prejudice where no meaningful opportunity to amend or explanation of futility appears. Neither decision requires unlimited amendments after a plaintiff has submitted successive pleadings.

Despite those successive pleadings, Plaintiff still does not allege facts tying Feagan to the challenged August detention, identifying Barnes's actionable conduct or a relevant governmental policy, or identifying any responsible person or entity encompassed by "Indentured Trustees." Effingham County Jail, as named, is not a separately suable § 1983 person. The asserted state-law theories also lack factual support against these defendants. The original and November submissions contained somewhat different assertions about Feagan and Barnes, but the operative pleading does not carry forward a plausible claim against either defendant. *See Young*, 238 F.3d at 572. On this record, another opportunity to replead these claims is not warranted.

The Court therefore adopts the recommendation to dismiss the claims against these four defendants with prejudice and without further leave to amend. This ruling

reflects the repeated opportunities to plead and the continuing deficiencies; it does not depend on a finding of bad faith.

**E. Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (DE 26), as supplemented by this Order, and incorporates it herein.

Accordingly, Plaintiff's Second Amended Complaint (DE 16) is **DISMISSED WITH PREJUDICE** as to Defendants Officer Feagan, Mark Barnes, Indentured Trustees, and Effingham County Jail, without issuance and service of process and without further leave to amend.

The Clerk of Court is **DIRECTED** to terminate those four defendants from this action.

The claims against Officer Mailey remain pending and are unaffected by this Order. The Court expresses no opinion on their merits or on the separate proceedings regarding service and Plaintiff's default-judgment request.

Because claims against Mailey remain pending, no final judgment is entered. *See* Fed. R. Civ. P. 54(b).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 17, 2026